UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

BAKER HOMES TENANT COUNCIL,
INC.,

                        Plaintiff,                    **Hon. Hugh B. Scott**

                                                          **14CV284A**

                         v.                            **Report**
                                                          **&**
                                                        **Recommendation**

LACKAWANNA MUNICIPAL HOUSING
AUTHORITY and UNITED STATES
DEPARTMENT OF HOUSING AND
URBAN DEVELOPMENT,

                        Defendants.

---

      This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C) (Docket No. 6). The instant matter before the Court is a motion by defendant United States Department of Housing and Urban Development ("HUD") (Docket No. 13) to dismiss the Amended Complaint (Docket No. 12). This Court separately ordered plaintiffs to formally move for leave to amend the Complaint (Docket No. 1) to add additional parties and claims (Docket No. 19; see Docket No. 12). Responses to HUD's motion were due July 21, 2014 (Docket No. 16), while supplemental moving papers in support of leave to amend were due on that same date (Docket No. 17). Replies to both motions were due by August 4, 2014, and both motions were deemed submitted (without oral argument) on August 4, 2014 (Docket Nos. 16, 17).

Defendant Lackawanna Municipal Housing Authority sought an extension of this deadline, which was granted in a separate Order.

Plaintiffs do not oppose this motion to dismiss (Docket No. 18, Court-filed letter of plaintiffs' counsel). Counsel for codefendant Lackawanna Municipal Housing Authority[1] ("Housing Authority") wrote directly to the undersigned that he joined in not opposing HUD's motion. Counsel then wrote that "respectfully my client moves that the Order to Dismiss include an Order Remanding the case back to Supreme Court Erie County." A copy of this letter is attached to this Report; this Court separately ordered the Housing Authority to move or file formally for relief rather than incorporate requests in letters to Chambers (Docket No. 21).

Also pending are the new individual plaintiffs' joint motion for leave to proceed in forma pauperis (Docket No. 11); that motion was held in abeyance pending resolution of the status of the Amended Complaint that added them as parties (Docket No. 17).

## BACKGROUND

This is a removed action because there is alleged a claim against the United States for under $10,000, 28 U.S.C. § 1346(a)(2) (Docket No. 1, Notice of Removal). Plaintiff Baker Homes Tenant Council ("Tenant Council") filed a Notice of Petition and Petition in New York State Supreme Court to compel defendant Housing Authority "to cease and desist with all attempts to disband, disqualify or otherwise dissolve the BAKER HOMES TENANT COUNCIL and work cooperatively with the Council to address any outstanding grievances" (id., Ex. A, Notice of Petition), arising from changes on the board of plaintiff. Plaintiff was formed in 2012 and was in the process of organizing itself as a non-profit organization when its president was

---

[1] No one has appeared for codefendants Norman Polanski, the executive director of the Lackawanna Municipal Housing Authority, or the City of Lackawanna.

ousted by the current board. Upon this change, plaintiff Tenant Council alleged that Housing Authority threatened to change locks to the Tenant Council's offices, questioning whether the Tenant Council was properly organized and questions about misappropriated funds by the former president of the Tenant Council (id., Ex. A, Pet'r Atty. Affirm. ¶ 8), arguing that the Housing Authority lacked authority under HUD regulations to revoke the Tenant Council's charter (id. ¶ 9). To resolve this dispute under HUD regulations, HUD needed to be called upon to settle the dispute between the Housing Authority and the Tenant Council (id. ¶ 10). The Tenant Council also alleges that the Housing Authority revoked the Tenant Council's pending IRC § 501(c)(3) status and changed locks (id. ¶¶ 11, 12).

HUD removed this action on April 18, 2014, and filed the Notice of Removal without paying a filing fee (Docket No. 1, Notice of Removal). HUD (Docket No. 4) and the Housing Authority (Docket No. 5) answered. A scheduling conference was held where counsel for plaintiff and HUD appeared (Docket No. 9). HUD indicated that if the parties could not stipulate to dismissing that agency from the case that it would move to dismiss and plaintiff stated that it intended to amend the Complaint to allege federal claims (id.). A Scheduling Order was entered, with amended pleadings due by July 3, 2014 (Docket No. 10).

*Plaintiff's Amended Complaint*

Rather than moving for leave to amend the Complaint, plaintiff filed an Amended Complaint on June 25, 2014, adding five individual plaintiffs, the executive director of the Housing Authority, and the City of Lackawanna, New York (the "City"), as defendants (Docket No. 12; see also Docket No. 19, Pls. Motion). Plaintiffs seek monetary and injunctive relief for deprivation of various rights under 42 U.S.C. §§ 1983, 2000d, 3604(b), 3617, New York Real

Prop. L. § 230, and New York Exec. Law § 290 (Docket No. 12, Am. Compl. ¶ 1). The non-corporate plaintiffs are Black residents of Baker Homes (id. ¶¶ 5-9) with plaintiff Latonda Brown serving as interim president and vice president of the Tenant Council, Mary Rodriguez as secretary, Rita Lee as treasurer, and Reverend Justyn Hardwick as interim vice president (id. ¶ 22). Plaintiff George Halsey worked in the Resident Opportunity for Self-Sufficiency (or "ROSS") program as program manager for the Tenant Council for four months (id. ¶¶ 9, 31). This ROSS program is funded by a federal grant awarded to the Tenant Council in October 2013 (id. ¶ 31).

Plaintiffs repeat in detail the organization of the Tenant Council and the misfeasance of its former president, leading to his ouster from office by the tenants (id. ¶¶ 19-21, 23-36, 37-50), and remedial action taken by the remaining officers of the Tenant Council (id. ¶ 52). Despite this, defendant Norman Polanski, the executive director of the Housing Authority, changed the locks on the Housing Authority resource center, the offices used by the Tenant Council (id. ¶¶ 53, 26), declaring that the Housing Authority no longer recognized the Tenant Council as representing the Baker Homes tenants (id. ¶ 54). The Tenant Council argues that the Housing Authority lacks the authority to unilaterally disband the Tenant Council (id. ¶ 58) and changing the locks to the resource center not only deprives the Tenant Council of access but also deprives access to all tenants (id. ¶ 59).

Plaintiffs next allege a pattern of racial discrimination by Housing Authority toward residents of the Baker Homes, who are predominantly Black (id. ¶¶ 60-70). These practices allegedly include passing over Baker Homes' residents for jobs, failure to maintain common areas, failure to seek tenant approval for appropriate expenditures, barring tenant use of the

4

fitness areas (id. ¶ 61) while a predominantly white complex, Parkview Towers, is "pristinely maintained" (id.¶ 64). Defendant City of Lackawanna allegedly failed to expend public works resources in the predominantly black First Ward of that City (where Baker Homes is located), where streets are littered with potholes, snow is not appropriately removed and other municipal services are insufficiently furnished, while other wards (with predominantly white and middle class residents) have better services (id. ¶¶ 65-69). They contend that the First Ward also receives slower emergency service provision from the fire and police departments as compared with other wards in the City (id. 70).

In their first cause of action, plaintiffs allege they were deprived statutory rights in creating and maintaining the Tenant Council, including potential loss of the ROSS program grant (id. ¶¶ 72-75). Defendants also allegedly deprived plaintiffs of services available to other Lackawanna residents due solely to plaintiffs' race (id.¶¶ 76-77).

As for their second cause of action, plaintiffs claim there was discrimination in programs receiving federal funds under Title I of the Housing and Community Development Act of 1974, 42 U.S.C. § 2000d (id. ¶¶ 80-84). In the third cause of action, they assert that there was racial discrimination in the provision of services and facilities under the Fair Housing Act, 42 U.S.C. § 3604 (id.¶¶ 86-89).

In the fourth cause of action, plaintiffs allege retaliation for commencing this action in state court, with plaintiffs instructed after the changing of locks that they could not meet in any public area in the Baker Homes complex, in violation of 42 U.S.C. § 3617 (id. ¶¶ 91-95). In the fifth cause of action, plaintiffs allege that defendants interfered with the tenants' right to participate in Tenant Council activities, in violation of New York Real Property Law § 230 (id.

¶¶ 97-102). Finally, in the sixth cause of action, plaintiffs allege that defendants violated their rights under New York State Human Rights Law, N.Y. Exec. Law § 290 (id. ¶¶ 104-08).

Each new individual plaintiff also moved to be allowed to proceed in forma pauperis (Docket No. 11), although the filing fee was waived when HUD removed this action.

Since the time to amend as of right has passed, see Fed. R. Civ. P. 15(a)(1), and plaintiffs had not indicated consent of all parties to the amendment (and the LMHA, as well as the proposed new defendants, were not present during the Scheduling Conference where this amendment was alluded to), plaintiffs moved for leave to amend the Complaint, Fed. R. Civ. P. 15(a)(2) (Docket No. 19; cf. Docket No. 17), amending the Complaint further by removing reference to defendant HUD (Docket No. 19).

*HUD's Motion to Dismiss*

Responding to the amended pleading, HUD now moves to dismiss it, pursuant to Federal Rule of Civil Procedure 12(b)(1) (lack of subject matter jurisdiction) and (6) (failure to state a claim) (Docket No. 13). HUD argues that the original Complaint and the Amended Complaint fail to allege any wrongdoing by HUD or assert any claims against HUD (Docket No. 14, HUD Atty. Decl. ¶¶ 7, 12-13; Docket No. 15, HUD Memo. at 2). HUD asserts that claims against it should be dismissed on sovereign immunity grounds (Docket No. 15, HUD Memo. at 3, 5-10), F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994) (citations omitted). First, the United States and its agencies may not be sued under 42 U.S.C. § 1983 (id. at 6), Holmes v. Department of Navy, 583 F. Supp. 2d 431, 433 (W.D.N.Y. 2008) (Larimer, J.). Second, HUD claims sovereign immunity was not unequivocally waived in plaintiffs' claims under Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, because there is no clear private right of action under that

6

statute and no clear liability of HUD under that provision (id. at 6-7). Third, as for plaintiffs' third and fourth causes of action under the Fair Housing Act, HUD contends that it cannot be held liable under that Act (id. at 9), see Marinoff v. U.S. Dep't of Housing and Urban Dev., 78 F.3d 64 (2d Cir. 1996). Finally, the United States and its agencies are immune from suits under state statutes (id. at 10), see Rivera v. Heyman, 157 F.3d 101, 105 (2d Cir. 1998).

Alternatively, HUD argues that plaintiffs fail to state a claim against HUD (id. at 6, 8, 9-10).

As indicated above, both plaintiff and appearing codefendant have no objection to dismissing HUD (Docket No. 18; see attachment).

## DISCUSSION

*HUD's Motion to Dismiss*

Given the apparent universal approval of dismissal of HUD by the parties in this case, HUD's motion (Docket No. 13) **should be dismissed**.

If these recommendations are adopted, HUD is no longer a party. The issues remain whether plaintiffs have stated federal claims as against the remaining defendants Housing Authority, the City, and Polanski. Their motion for leave to amend is pending (Docket No. 19; see Docket No. 17). Also pending is the individual plaintiffs' motion for in forma pauperis status (Docket No. 11). This Court will address those motions in a separate Order.

## CONCLUSION

Based upon the above, it is recommended that defendant HUD's motion to dismiss the Amended Complaint (Docket No. 13) should be **granted**.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) (effective December 1, 2009) and W.D.N.Y. Local Civil Rule 72.3(a).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.**  Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on de novo review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance.  See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

SO ORDERED.

_/s/ Hugh B. Scott_
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
August 4, 2014

Attach.:  Letter of Arc Petricca, Esq., to Chambers, July 18, 2014