UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

BAKER HOMES TENANT COUNCIL,
INC.,

                              Plaintiff,                    **Hon. Hugh B. Scott**


                                                           **14CV284A**

                    v.                                     **Report
                                                           &
                                                           Recommendation**


LACKAWANNA MUNICIPAL HOUSING
AUTHORITY, et al.,

                              Defendants.

---

       This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C)

(Docket No. 6).  The instant matters before the Court are (a) the motion of plaintiff Baker Homes

Tenant Council, Inc. ("Tenant Council") to amend the Complaint (by adding additional plaintiffs

and defendants and alleging new, presumably federal claims) (Docket No. 19[1]; see Docket

Nos. 12, 20, Amended Compl.; see also Docket No. 17, Order of July 1, 2014, scheduling

deadline for filing this motion), and (b) the motion of defendant Lackawanna Municipal Housing

Authority ("LMHA") and potential defendant Norman Polanski to dismiss the Amended

---

       [1]In support of this motion, plaintiffs submit their attorney's Declaration, Docket No. 20;
Memorandum of Law, Docket No. 20, Ex. B; as well as the proposed Amended Complaint,
Docket No. 20, Ex. A; plaintiffs' Memorandum in further support of their motion and in
opposition to defendants' motion, Docket No. 27; and plaintiffs' Attorney Declaration (with
exhibits), Docket No. 28.  In addition to correspondence sent to Chambers opposing leave to
amend, cf. Docket No. 21, defendants Lackawanna Municipal Housing Authority and Polanski
submit their motion to dismiss, Docket No. 24, including their Memorandum of Law, id.

Complaint (also filed in opposition to plaintiffs' motion to amend the Complaint) (Docket No. 24).

Plaintiffs separately moved for leave for the new individual plaintiffs to proceed in forma pauperis (Docket No. 11), although the filing fee was waived when HUD initially removed this action.  This Court held that motion in abeyance pending resolution of whether allowance would be granted for amendment of the pleadings to add these plaintiffs (Docket No. 17).

Also separately, former defendant United States Department of Housing and Urban Development ("HUD") moved (Docket No. 13) to dismiss the Amended Complaint (Docket Nos. 12, 20) as to that department.  This Court recommended granting HUD's motion (Docket No. 22) and that Report and Recommendation was adopted by Chief Judge Skretny (Docket No. 26).

Responses to the pending motions to amend the Complaint and the counter motion to dismiss it were due by September 16, 2014 (Docket No. 25; see Docket No. 23), with any reply due by September 30, 2014 (Docket No. 25).  This Court deems these motions to be submitted as of September 30, 2014.  Given the interrelationship between plaintiffs' motion and LMHA and Polanski's motion and for judicial efficiency, they are addressed together in this Report & Recommendation (as opposed to separately addressing plaintiffs' motion for leave to amend in an Order).

**BACKGROUND**

This is a removed action because there is alleged a claim against the United States, 28 U.S.C. § 1346(a)(2) (Docket No. 1, Notice of Removal).  Plaintiff Tenant Council filed a Notice of Petition and Petition in New York State Supreme Court to compel defendant LMHA

"to cease and desist with all attempts to disband, disqualify or otherwise dissolve the BAKER

HOMES TENANT COUNCIL and work cooperatively with the Council to address any

outstanding grievances" (id., Ex. A, Notice of Petition), arising from changes on the board of the

Tenant Council.  The Tenant Council was formed in 2012 and was in the process of organizing

itself as a non-profit organization when its president was ousted by the current board.  Upon this

change, the Tenant Council alleged that LMHA threatened to change locks to the Tenant

Council's offices, questioning whether the Tenant Council was properly organized and questions

about misappropriated funds by the former president of the Tenant Council (id., Ex. A, Pet'r

Atty. Affirm. ¶ 8), arguing that the LMHA lacked authority under HUD regulations to revoke the

Tenant Council's charter (id. ¶ 9).  To resolve this dispute under HUD regulations, HUD needed

to be called upon to settle the dispute between the housing authority and the Tenant Council (id.

¶ 10).  The Tenant Council also alleges that the LMHA revoked the Tenant Council's pending

IRC § 501(c)(3) status and changed locks (id. ¶¶ 11, 12).

HUD removed this action on April 18, 2014, pursuant to 28 U.S.C. § 1346(a)(2) as a

claim against the United States founded upon an act of Congress, see 28 U.S.C. § 1441(a)

(removal), and filed this action without paying a filing fee (Docket No. 1, Notice of Removal).

HUD (Docket No. 4) and the LMHA (Docket No. 5) answered.  A scheduling conference was

held where counsel for the Tenant Council and HUD appeared (Docket No. 9).  HUD indicated

that if the parties could not stipulate to dismissing that agency from the case that it would move

to dismiss and the Tenant Council stated that it intended to amend the Complaint to allege

federal claims (id.).  A Scheduling Order was entered, with amended pleadings due by July 3,

2014 (Docket No. 10).

*Plaintiffs' Amended Complaint and Their Motion for Leave to Amend*

Rather than moving for leave to amend the Complaint, Tenant Council initially filed an Amended Complaint on June 25, 2014 (Docket No. 12), adding five individual plaintiffs[2] and adding the executive director of the LMHA and the City[3] of Lackawanna, New York (hereinafter the "City"), as new defendants (e.g., Docket No. 20), but dropping claims against HUD. Plaintiffs seek monetary and injunctive relief for deprivation of various rights under 42 U.S.C. §§ 1983, 2000d, 3604(b), 3617, New York Real Prop. L. § 230, and New York Exec. Law § 290 (Docket No. 12, Amended Compl. ¶ 1).  The non-corporate plaintiffs are Black residents of Baker Homes (id. ¶¶ 5-9) with plaintiff Latonda Brown serving as interim president and vice president of  the Tenant Council; plaintiff Mary Rodriguez as secretary; plaintiff Rita Lee as treasurer; and plaintiff Reverend Justyn Hardwick as interim vice president (id. ¶ 22).  Plaintiff George Halsey was program manager in the Resident Opportunity for Self-Sufficiency (or "ROSS") for the Tenant Council for four months (id. ¶¶ 9, 31).  This ROSS program is funded by a federal grant awarded to the Tenant Council in October 2013 (id. ¶ 31).

Plaintiffs repeat in detail the organization of the Tenant Council and the misfeasance of its former president, leading to his ouster from office by the tenants (id. ¶¶ 19-21, 23-36, 37-50), and remedial action taken by the remaining officers of the Tenant Council (id. ¶ 52).  Despite this, defendant Norman Polanski, the executive director of the LMHA, changed the locks on the LMHA resource center, the offices used by the Tenant Council (id. ¶¶ 53, 26), declaring that the LMHA no longer recognized the Tenant Council as representing the Baker Homes tenants (id.

---

[2]Collectively with the Tenant Council, these parties are referred to as "plaintiffs".

[3]There are some references in the Amended Complaint to a "Town" of Lackawanna, Docket Nos. 12, 20, Amended Compl. ¶¶ 80, 86, 91, which are presumed to be mistakes.

¶ 54).  The Tenant Council argues that the LMHA lacks the authority to unilaterally disband the Tenant Council (id. ¶ 58) and changing the locks to the resource center not only deprives the Tenant Council of access but also deprives access to all tenants (id. ¶ 59).

Plaintiffs next allege a pattern of racial discrimination by LMHA toward residents of the Baker Homes, who are predominantly Black (id. ¶¶ 60-70).  These practices allegedly include passing over Baker Homes' residents for jobs, failure to maintain common areas, failure to seek tenant approval for appropriate expenditures, barring tenant use of the fitness areas (id. ¶ 61) while a predominantly white complex, Parkview Towers, is "pristinely maintained" (id. ¶ 64). Plaintiffs do not allege that any of them personally were denied jobs from LMHA; this action has not been commenced as a class action for all (or minority) residents of Baker Homes.

Defendant City allegedly failed to expend public works resources in the predominantly black First Ward (where Baker Homes is located), where streets are littered with potholes and snow is not appropriately removed, while other wards (with predominantly white and middle class residents) have better services (id. ¶¶ 65-69).  The First Ward also receives slower emergency service provision from the City's fire and police departments as compared with other wards (id. 70).

In their first cause of action, plaintiffs allege they were deprived statutory rights in creating and maintaining the Tenant Council, including potential loss of the ROSS program grant (id. ¶¶ 72-75).  Defendants also allegedly deprived plaintiffs of services available to other Lackawanna residents due solely to plaintiffs' race (id. ¶¶ 76-77).

As for their second cause of action, plaintiffs claim there was discrimination by defendants in programs receiving federal funds under Title I of the Housing and Community

5

Development Act of 1974, 42 U.S.C. § 2000d (id. ¶¶ 80-84).  Defendants LMHA and Polanski

allegedly passed over qualified tenants for hiring (id. ¶ 82) (although, again, not alleging that any

of the individual plaintiffs had applications denied).

In the third cause of action, plaintiffs assert that LMHA and Polanski discriminated

against them in the provision of services and facilities under the Fair Housing Act, 42 U.S.C.

§ 3604 (id. ¶¶ 86-89).

In the fourth cause of action, plaintiffs allege retaliation for commencing this action in

state court, with plaintiffs instructed after the changing of locks that they could not meet in any

public area in the Baker Homes complex, in violation of 42 U.S.C. § 3617 (id. ¶¶ 91-95).

The last two claims involve state court causes of action.  In the fifth cause of action,

plaintiffs allege that defendants interfered with the tenants' right to participate in Tenant Council

activities, in violation of New York Real Property Law § 230 (id. ¶¶ 97-102).  Finally, in the

sixth cause of action, plaintiffs allege that defendants violated their rights under New York State

Human Rights Law, N.Y. Exec. Law § 290 (id. ¶¶ 104-08).

Since the time to amend as of right had passed, see Fed. R. Civ. P. 15(a)(1), and plaintiffs

had not indicated consent of all parties to the amendment (and the LMHA was not present during

the Scheduling Conference when amendment was alluded to), plaintiffs had to move for leave to

amend the Complaint, Fed. R. Civ. P. 15(a)(2) (see Docket No. 17).  Plaintiffs filed their motion

for leave to amend the Complaint (Docket No. 19), contending that since filing the original

Complaint defendants had committed additional actions "on contravention of governing law"

against the Tenant Council, its remaining members, and Hardwick (Docket No. 20, Pls. Atty.

Decl. ¶¶ 5, 10, Ex. A; see generally Docket No. 20, Amended Compl.).  Plaintiffs argue that no

discovery had been conducted, there was no undue delay in making this amendment, and there is

no prejudice to any defendant (Docket No. 20, Pls. Atty. Decl. ¶ 11; Docket No. 20, Pls. Memo.

at second unnumbered page).  They argue that the amendment would not be futile since

sufficient facts have been alleged to state a claim for relief that is facially plausible (Docket

No. 20, Pls. Memo. at second unnumbered page).  They contend that leave to amend here should

be freely given, as required by Rule 15(a)(2) (Docket No. 20, Pls. Memo. at first unnumbered

page).  Plaintiffs' reply focuses on the administrative proceedings before HUD leading to and

continuing during this litigation, to refute LMHA and Polanski's argument that administrative

remedies were not exhausted prior to commencement of this action (Docket No. 28, Pls. Atty.

Decl. ¶¶ 10-21, Exs. A-D).

*LMHA's and Polanski's Motion to Dismiss*

After plaintiffs filed their motion for leave to amend the Complaint, Polanski and LMHA

moved to dismiss the Complaint and deny leave to amend it (Docket No. 24).  The City has not

appeared in this action.  LMHA and Polanski argue that, while leave to amend is liberally

granted, it should be denied here because the amended pleading fails to state a claim and any

amendment would be futile (Docket No. 24, Defs. Memo. at 1).  They contend that plaintiffs

allege only possible claims and not plausible claims as required under Twombly and Iqbal (id. at

6-7, see id. at 3-6).  As for the first claim, defendants argue that plaintiffs fail to state a claim

under § 1983 or made conclusory or irrelevant allegations (id. at 7-8), noting that the federal

housing regulations did not require the LMHA to provide office space to tenant organizations

and allowed the LMHA to recognize a "duly elected resident council" (id. at 8, quoting 24

C.F.R. § 964.11 (emphasis in original removed)), see Alazan-Apache Resident Ass'n v. San

Antonio Hous. Auth., 885 F. Supp. 949, 951-52 (W.D. Tex. 1995) (again, emphasis in original

omitted).  The LMHA and Polanski next contend that the regulation cited by plaintiffs, 24 C.F.R.

§ 964, does not create a private right of action (id. at 9-10, see Alazan-Apache Resident Ass'n,

supra, 885 F. Supp. 949, 955-56 (Garcia, Mag. J.) (Report & Recommendation holding that

Congress did not intend to create private right of action for tenant council to compel housing

authorities to transfer management rights and responsibilities to tenant council), adopted, 885 F.

Supp. 949 (W.D. Texas 1995).  They argue that, even if such a right of action exists, plaintiffs

first needed to exhaust administrative remedies under 24 C.F.R. § 964.18(a)(6) (id. at 10-11).

        As for the plaintiffs' second claim, the moving defendants argue that, since there is no

private right of action under the Housing and Community Development Act, 42 U.S.C.

§§ 2000d, 5305, 5309(1), and plaintiffs failed to state a plausible claim, this claim also should be

dismissed (id. at 11-16).  Again, the LMHA and Polanski contend that plaintiffs make

conclusory allegations that are insufficient to state a claim (id. at 12).  They argue that plaintiffs

fail to state a Title VI claim, 42 U.S.C. § 2000d, since they fail to allege intentional conduct by

the moving defendants (id.).  Plaintiffs fail to specify an activity under the Act with which

movants interfered (id. at 13).  If viewed as a Title VI claim, movants argue that individuals (like

Polanski) are not a proper party because Title VI addresses "entities" that receive federal funding

(id. at 16).

        Movants next argue that similarly, plaintiffs' Fair Housing Act claim must be based on

intentional conduct not alleged here (id. at 17) and the allegations made here are conclusory and

should be rejected (see id. at 17-18).  On plaintiffs' proposed fourth cause of action, movants

contend that plaintiffs did not allege in their original Article 78 proceeding a violation of the Fair

Housing Act to raise a retaliation claim under the Fair Housing Act (id. at 20-12).

Plaintiffs respond that these defendants fail to specify a jurisdictional basis for dismissal

of this action under Rule 12(b)(1) and that there was jurisdiction for their claims under federal

question jurisdiction, 28 U.S.C. § 1331 (Docket No. 27, Pls. Memo. at third unnumbered page).

They also contend that the exhausted administrative remedies prior to commencing this action, if

exhaustion is required (id. at third to fourth unnumbered pages).  Plaintiffs distinguish Alazan-

Apache because that case involved a tenant management corporation and not a tenant council

present here (id. at fifth through sixth unnumbered pages).  Plaintiffs also argue that

administrative exhaustion is not required for a civil rights claim under § 1983 (id. at third

unnumbered page).  They counter that the LMHA has never challenged the sufficiency of the

election procedure used by the Tenant Council (id. at sixth unnumbered page).

## DISCUSSION

At issue in both motions is whether plaintiffs have stated federal claims as against the

remaining defendants LMHA, the City, and Polanski, and whether plaintiffs have a basis to

obtain leave of this Court to amend.  This Court will address LMHA's motion to dismiss first.

I.      Applicable Standards

        A.      Motion to Dismiss

Defendants LMHA and Polanski have moved to dismiss the Complaint and the proposed

Amended Complaint on the grounds that each fail to state a claim for which relief can be

granted.  Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court cannot dismiss

a Complaint unless it appears "beyond doubt that the plaintiff can prove no set of facts in support

of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 554 (2007), a

Complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which

relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible

on its face," id. at 570 (rejecting longstanding precedent of Conley, supra, 355 U.S. at 45-46);

Hicks v. Association of Am. Med. Colleges, No. 07-00123, 2007 U.S. Dist. LEXIS 39163, at *4

(D.D.C. May 31, 2007).  To survive a motion to dismiss, the factual allegations in the Complaint

"must be enough to raise a right to relief above the speculative level," Twombly, supra, 550 U.S.

at 555; Hicks, supra, 2007 U.S. Dist. LEXIS 39163, at *5.  As recently reaffirmed by the Court

in Ashcroft v. Iqbal, 556 U.S. 662 (2009), rev'g Iqbal v. Hasty, 490 F.3d 143 (2d Cir. 2007),

> "To survive a motion to dismiss, a complaint must contain sufficient factual
> matter, accepted as true, to 'state a claim to relief that is plausible on its face.'
> [Twombly, supra, 550 U.S.] at 570 . . . .  A claim has facial plausibility when the
> plaintiff pleads factual content that allows the court to draw the reasonable
> inference that the defendant is liable for the misconduct alleged.  Id., at 556 . . . .
> The plausibility standard is not akin to a 'probability requirement,' but it asks for
> more than a sheer possibility that a defendant has acted unlawfully.  Ibid.  Where
> a complaint pleads facts that are 'merely consistent with' a defendant's liability, it
> 'stops short of the line between possibility and plausibility of "entitlement to
> relief."'  Id., at 557 . . . (brackets omitted)."

Iqbal, supra, 556 U.S. at 678 (citations omitted).

A Rule 12(b)(6) motion is addressed to the face of the pleading.  The pleading is deemed

to include any document attached to it as an exhibit, Fed. R. Civ. P. 10(c), or any document

incorporated in it by reference.  Goldman v. Belden, 754 F.2d 1059 (2d Cir. 1985).  In

considering such a motion, the Court must accept as true all of the well pleaded facts alleged in

the Complaint.  Bloor v. Carro, Spanbock, Londin, Rodman & Fass, 754 F.2d 57 (2d Cir. 1985).

However, conclusory allegations that merely state the general legal conclusions necessary to

prevail on the merits and are unsupported by factual averments will not be accepted as true.  New York State Teamsters Council Health and Hosp. Fund v. Centrus Pharmacy Solutions, 235 F. Supp. 2d 123 (N.D.N.Y. 2002).

On a motion for dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction, the party asserting subject matter jurisdiction has the burden of proving its existence, 2-12 Moore's Federal Practice—Civil § 12.30[5] (2014); Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992); MLC Fishing, Inc. v. Velez, 667 F.3d 140, 141 (2d Cir. 2011).  This Court must determine its subject matter jurisdiction and must consider the Rule 12(b)(1) first, United States ex rel. Kreindler & Kreindler v. United Techs. Corp., 985 F.2d 1148, 1155-56 (2d Cir. 1993); 2-12 Moore's Federal Practice—Civil § 12.30[1], at n.4.  Unlike a Rule 12(b)(6) motion, this Court can consider evidence or hold an evidentiary hearing for a Rule 12(b)(1) motion, 2-12 Moore's Federal Practice—Civil § 12.30[3]; Farley v. United States, No. 11CV198, 2012 U.S. Dist. LEXIS 28904, at *5 (W.D.N.Y. Mar. 5, 2012) (Skretny, Ch.J.).  A case is properly dismissed for lack of subject matter jurisdiction under this rule when this Court lacks statutory or constitutional power to adjudicate it, Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000); Farley, supra, 2012 U.S. Dist. LEXIS 28904, at *4.  When raised, as here, at the pleading stage, "the court accepts as true all factual allegations in the complaint and draws all reasonable inferences in the plaintiff's favor.  Sharkey v. Quarantillo, 541 F.3d 75, 83 (2d Cir. 2008)," Farley, supra, 2012 U.S. Dist. LEXIS 28904, at *4-5.

B.      Rule 15 Leave to Amend Complaint

Under Federal Rule of Civil Procedure 15(a) amendment of pleadings after the time to do so as of right requires either consent of all parties (not present here) or by leave of the Court.

Under Rule 15(a) motions for leave to amend the Complaint are to be freely given when justice

requires.  Granting such leave is within the sound discretion of the Court.  <u>Foman v. Davis</u>,

371 U.S. 178, 182 (1962); <u>Zenith Radio Corp. v. Hazeltine Research, Inc.</u>, 401 U.S. 321, 330

(1971) (<u>see</u> Docket No. 20, Pls. Memo. at first unnumbered page).   "In the absence of any

apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the

movant, repeated failure to cure deficiencies by amendments previously allowed, undue

prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment,

etc.–the leave sought should, as the rules require, be 'freely given.'"  <u>Foman</u>, <u>supra</u>, 371 U.S. at

182 (quoting Fed. R. Civ. P. 15(a)).

II.	LMHA's Motion to Dismiss

		At the heart of this case is the alleged treatment of the Tenant Council (and the individual

plaintiffs as members of that Council) by defendants after the Tenant Council ousted its erstwhile

president.  This claim is now augmented with claims of racial discrimination against the Tenant

Council and individual plaintiffs by defendants.  As LMHA and Polanski note (Docket No. 24,

Defs. Memo. at 8), the HUD regulations pertinent to this matter give the housing authority the

right to recognize a duly elected resident council "[a]s long as proper procedures are followed,"

24 C.F.R. § 964.11.  This regulation thus empowers the LMHA to pause when the duly elected

president was removed, especially after that elected president committed acts that caused both

LMHA and the Tenant Council to question the president's operations.  This is true even if the

LMHA has not challenged the validity of the original election.  The LMHA could consider

whether the remaining officers (albeit duly elected for their respective offices) were duly

authorized to oust the president and to collectively assume his responsibilities.  Also, these

regulations do not provide a private right of action for the disappointed tenant council, see Alazan-Apache Resident Ass'n, supra, 885 F. Supp. at 956, adopted, 885 F. Supp. 949.  Even though Alazan-Apache Resident Association involved the power of a putative tenant management corporation and the standing of the plaintiffs there to raise issues surrounding plaintiffs' intent to take over management of a public housing property, the district court there generally held that no private right of action existed, id.

Movants also correctly note that tenant councils do not have a right to office space from the landlord agency, Alazan-Apache Resident Ass'n, supra, 885 F. Supp. at 952.  In Alazan-Apache Resident Association, plaintiffs alleged that the defendant housing authority thwarted their efforts to form a tenant management corporation by denying free office space to the resident council.  The district court held that "neither the Act [the United States Housing Act of 1937, 42 U.S.C. §§ 1437r and 1437s] nor the regulations require that the housing authority provide free office space to tenant organizations," id.

This action here started as a dispute from moving defendants locking the plaintiff Tenant Council out of office space provided by the LMHA and that agency no longer recognizing the Tenant Council.  Plaintiffs point to their initial election as being valid and hence should have been recognized by defendants (Docket No. 27, Pls. Memo. at fifth to sixth unnumbered pages). The issue is not the initial election but the validity of the ouster of the duly elected president. The LMHA is not required to deal with rival entities claiming to be the "Baker Homes Tenant Council."  Rather than do this, movants locked the doors and excluded all claimants.  While this may not have been the most prudent way to proceed, the movants were within their rights to act

13

as they have to ensure that "proper procedures are followed," 24 C.F.R. § 964.11.  Their motion

to dismiss the Complaint as to them (Docket No. 24) should be **granted**.

Ordinarily, the motion to dismiss would address the original Complaint and the merits of

a proposed amendment would be considered under Rule 15 and the liberal leave to amend.  The

original Complaint had a federal agency, HUD, as a defendant and hence this Court had subject

matter jurisdiction because the United States (through that agency) was a party.  The amendment

adds allegations under various federal statutes, as well as adding parties while removing HUD as

a defendant.  This Court will consider the proposed Amended Complaint and its federal

jurisdictional allegations, see Ezeh v. VA Med. Ctr., No. 13CV6563, 2014 U.S. Dist. LEXIS

140311, at *9 (W.D.N.Y. Sept. 29, 2014) (Wolford, J.).

A.  Rule 12(b)(1) Dismissal

Moving defendants' Rule 12(b)(1) portion of their motion rests upon their claim that

plaintiffs failed to exhaust their administrative remedies before filing suit (Docket No. 24, Defs.

Memo. at 10-11).  Plaintiffs argue that, as a federal civil rights claim, they need not first exhaust

administrative remedies (Docket No. 27, Pl. Memo. at third-fifth unnumbered pages).

Plaintiffs are incorrect that defendants bear the burden of moving for Rule 12(b)(1) relief.

Plaintiffs need to establish federal jurisdiction.  Plaintiffs have done so here.  They allege civil

rights violations under 42 U.S.C. § 1983 in their first claim, which is independent of procedural

arguments they may have against LMHA that would require administrative exhaustion.  As for

some of plaintiffs' other claims that are tied to HUD regulations, such as their second claim

under the Housing and Community Development Act, they exhausted their administrative

remedies by attempting to get HUD intervention.  Furthermore, their claims within their first

cause of action of racial discrimination by defendant City in service provision to the Baker

Homes as opposed to other developments within LMHA and within Lackawanna have no

administrative remedy to exhaust.  Thus, movants' motion to dismiss the Amended Complaint on

Rule 12(b)(1) grounds for failure to exhaust should be **denied**.  This Court next turns to their

failure to state a claim motion.

B.  Rule 12(b)(6) Dismissal

The Amended Complaint raises six causes of action, four of which are under federal

statutes and two under parallel New York State laws.  The first cause of action has subparts;

plaintiffs allege that movants impeded the Tenant Council's operation after the ouster of the

president and that defendants denied services to plaintiffs due to their race.  As stated above,

plaintiffs as a tenant council or officers of that council had no right to free office space or

recognition on demand.  Thus, their civil rights were not violated.

As for the denial of services based upon the race of Baker Homes' tenants, first, this case

is not a class action of residents (or minority residents) of Baker Homes.  Second, the allegations

of denied services (by LMHA, Polanski, and the City) are conclusory and do not sufficiently

allege intent by these defendants to discriminate against plaintiffs.  For example, these plaintiffs

fail to allege that any of them applied for a job from LMHA and were denied.  While setting

forth that other developments within the LMHA or the City receive services that Baker Homes

did not (or receive them at the greater level than Baker Homes residents) (Docket No. 20,

Amended Compl. ¶¶ 64, 65-70), these allegations are conclusory.

On the second cause of action under the Housing and Community Development Act, the

issue is whether that act established a private right of action.  Courts have held that this Act does

not create a private right of action, <u>Reyes v. Erickson</u>, 238 F. Supp. 2d 632, 636 (S.D.N.Y. 2003) (Docket No. 24, Defs. Memo. at 14).  This Court rejects the Fifth Circuit's reasoning in <u>Montgomery Improvement Ass'n v. HUD</u>, 645 F.2d 291 (5th Cir. 1981), in finding that a private right of action exists.  Therefore, movants' motion to dismiss this claim should be **granted**.

The third cause of action, under the Fair Housing Act, requires an allegation of intentional conduct.  While this claim may have an implied private right of action (<u>cf.</u> Docket No. 27, Pls. Memo. at seventh unnumbered page; <u>Cannon v. University of Chicago</u>, 441 U.S. 677 (1979)), plaintiffs have not alleged intentional conduct by defendants and their allegations of discriminatory actions are conclusory, alleging, for example, that LMHA and Polanski exhibited a pattern of discrimination in hiring without alleging any instances or claiming that plaintiffs were the victims of such discrimination.  Therefore, this claim also should be **dismissed**.

As for the fourth cause of action, for retaliation, movants argue that the initial Article 78 proceeding did not invoke rights under the Fair Housing Act to have their actions be deemed in retaliation under the Fair Housing Act (Docket No. 24, Defs. Memo. at 20-22).  Thus, if any retaliation occurred it was not for plaintiffs asserting their rights under the Fair Housing Act. But the Amended Complaint is the pleading being considered and, as such, it alleges that, while the initial proceedings were under way and removed to this Court, the movants retaliated against plaintiffs by locking the Tenant Council from its offices.  Plaintiffs claim that they were asserting their rights under the Fair Housing Act in the Article 78 proceeding (Docket No. 20, Amended Compl. ¶ 91).  But the rights asserted in the Article 78 proceeding were for the continued operation of the Tenant Council following ousting the former president (<u>see</u> Docket No. 1, Notice of Removal, Ex. A, Pet.).  The Fair Housing Act prohibits unequal treatment in the

provision of services, 42 U.S.C. § 3604.  The Amended Complaint alleges generally

discrimination in provision of unspecified services and that unspecified plaintiffs were

discriminated against in employment by LMHA and Polanski (Docket No. 20, Amended Compl.

¶¶ 90-95, 86-89).  Again, this claim is conclusory and should be **denied**.

As for the state law claims in the fifth and sixth causes of action (see Docket No. 20,

proposed Amended Compl. ¶¶ 96-102, 103-08), this Court would exercise supplemental

jurisdiction over them only if it had jurisdiction over this case on other federal grounds.  Since

the analysis above recommends dismissing the federal claims, this Court should **decline to**

**exercise jurisdiction** over plaintiffs' state law claims as to the movant defendants.

Therefore, as for the moving defendants LMHA and Polanski, plaintiff's Amended

Complaint fails to state a claim and their motion to dismiss as to them should be **granted**.  But

this result may not conclude this action.  Next, this Court addresses plaintiffs' motion for leave to

amend the Complaint as to the moving defendants and as to the non-moving defendant City.

III.     Plaintiffs' Motion for Leave to Amend the Complaint

A.     Movants

As discussed above in the LMHA and Polanski's motion to dismiss, although leave to

amend is to be liberally granted that leave will not be granted if amendment would be futile as to

movants.  While plaintiffs attempt to allege federal claims to substitute for the automatic federal

jurisdiction with the United States as a party (through HUD), the allegations they make are

insufficient to state a claim and an amendment to do that would be futile.  Thus, as for the

moving defendants LMHA and Polanski, plaintiffs' motion for leave to amend is **denied**.  If this

Report is modified or rejected on the grounds of plaintiffs stating a claim against these defendants, their motion to amend will be revisited.

      B.     City of Lackawanna

If the above analysis is accepted, the remaining defendant in this case would be the City of Lackawanna, which has yet formally to appear in this case (see Docket No. 20, proposed Amended Compl. ¶¶ 65-70, 76).  The moving defendants (and plaintiffs) have not argued regarding dismissal as to the City.  The Amended Complaint alleges claims in the first cause of action that the City discriminated in furnishing municipal services to plaintiffs due to their race (see Docket No. 20, proposed Amended Compl. ¶¶ 65-70, 76 (defendants denial of services to plaintiffs that were available to other residents of the City and LMHA housing units based upon the race, ethnicity of residents of Baker Homes Housing Complex).  Plaintiffs accuse the City (with the other defendants) in the second, third, and fourth causes of action of violating federal housing laws, while alleging generally that Lackawanna received federal funds for housing.

Despite the liberality of amendment under Rule 15 and the absence of a party to raise objections to the amendment, the proposed amended pleading adding the City of Lackawanna at this stage **would be futile**.  Plaintiffs make similar conclusory allegations against the City as they do against LMHA and Polanski, often combining all defendants together in their accusations. Where the Amended Complaint fails to allege intentional conduct by the moving defendants, it has the same deficiency against the City.  Therefore, plaintiffs' motion (Docket Nos. 12, 19) for leave to amend the Complaint to add the City of Lackawanna as a defendant is **denied**.

IV.    Results

If these recommendations are adopted, defendants' Polanski and LMHA would be dismissed as parties; the only possible defendant left would be the City of Lackawanna (which has yet to appear).  Plaintiffs' motion for leave to amend the Complaint (Docket No. 19) is denied as to moving defendants LMHA and Polanski and to the proposed defendant City of Lackawanna.

As a result, if this Report is upheld, the individual plaintiffs' motion for <u>in forma pauperis</u> status (Docket No. 11) becomes moot because the individual plaintiffs would no longer have claims before this Court.

## CONCLUSION

Based upon the above, it is recommended that defendants Lackawanna Municipal Housing Authority and executive director Polanski's motion to dismiss the Amended Complaint (Docket No. 24) should be **granted**.  Plaintiffs' motion for leave to amend the Complaint (Docket Nos. 19, 12) is **denied as to the moving defendants**, and leave to amend as to defendant City of Lackawanna is **denied**.  If this Report is adopted, the individual plaintiffs' pending motion for <u>in forma pauperis</u> status (Docket No. 11) would be **denied as moot**.  This Court will not act upon the <u>in forma pauperis</u> motion until after any objections to this Report has been considered and resolved.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

19

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) (effective December 1, 2009) and W.D.N.Y. Local Civil Rule 72.3(a).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on de novo review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

SO ORDERED.

_/s/ Hugh B. Scott_
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
October 20, 2014