UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BAKER HOMES TENANT COUNCIL, Inc.,

                    Plaintiff,

                                                    **Hon. Hugh B. Scott**


                                                    **14CV284A**

          v.                                        **Report
                                                    &
                                                    Recommendation**


LACKAWANNA MUNICIPAL HOUSING
AUTHORITY, et al.,

                    Defendants.


This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C)

(Docket No. 6). This is a removed action, formerly against the United States Department of

Housing and Urban Development ("HUD"), with subject matter jurisdiction pursuant to

28 U.S.C. § 1346(a)(2) (see Docket No. 1, Notice of Removal).

## BACKGROUND

Plaintiff tenant council ("Tenant Council") alleged that defendant Lackawanna Municipal

Housing Authority ("LMHA") attempted to disband the Tenant Council due to changes in the

Council's leadership (id., Ex. A, Notice of Petition and Petition). Plaintiff Tenant Council

sought to have the LMHA cease and desist from attempts to disband the Tenant Council and to

compel the LMHA to work cooperatively with the Tenant Council to resolve any outstanding

grievances (Docket No. 1, Notice of Removal, Ex. A, Notice of Petition; see Docket No. 30,

Report & Rec. at 2-3). Tenant Council asserted that HUD, under 24 C.F.R. § 964.150(a)(3), was

obliged to settle any dispute with respect to the use of Tenant Participation Funds between the Tenant Council and the LMHA (Docket No. 1, Notice, Ex. A, Pet'r Atty. Affirm. ¶ 10).

HUD removed this action (id.) and answered (Docket No. 4).  LMHA separately answered (Docket No. 5).  HUD then moved to dismiss the action as to that department (Docket No. 13).  This Court recommended granting HUD's motion to dismiss (Docket No. 22) which was adopted by Judge Richard Arcara (Docket No. 26).

Plaintiff then sought to amend the Complaint, first filing an Amended Complaint which did not name HUD as a defendant (Docket No. 12) and then moving for leave to amend (Docket No. 19).  This amendment would have added members of the plaintiff Tenant Council as individual plaintiffs and asserted claims against new defendants the City of Lackawanna[1] and LMHA executive director Norman Polanski (Docket No. 19; see also Docket No. 30, Report & Rec. of Oct. 30, 2014, at 4-6).

The remaining, appearing defendants LMHA and Polanski moved to dismiss the Amended Complaint (as well as opposed leave be granted to amend) (Docket No. 24).  This Court issued a Report and Recommendation on October 20, 2014 (Docket No. 30) (familiarity with which is presumed) that recommended the moving defendants' motion to dismiss be granted and that plaintiff's motion for leave to amend be denied.  Judge Arcara adopted this Report, granted defendants' motion to dismiss, denied plaintiff's motion for leave to amend, and referred this matter back to the undersigned for further proceedings (Docket No. 31).  As a result,

---

[1]The City of Lackawanna has yet to make an appearance in this action, see Docket No. 30, Report & Rec. at 7.  Given that leave to amend the Complaint to add the City was denied, Docket No. 31, the City of Lackawanna is not a party to this action.

the proposed new individual plaintiffs' pending motion (Docket No. 11) for in forma pauperis status was denied as moot (Docket No. 32).

The issue next was what was left of this case in light of the above motion practice.  With the denial of the amendment, the case reverts to the originally alleged claims by and against the original remaining parties; thus, the plaintiff Tenant Council against the LMHA.  Given the absence of HUD as a defendant, the original jurisdictional basis for the removal is now lacking, but there has been no motion by plaintiff Tenant Council to remand this action to state court.  It is not clear what remains to be adjudicated or whether there are alleged federal law claims.

As a result, this Court ordered a Status Conference for May 13, 2015, to discuss this very issue (Docket No. 33), but plaintiff did not appear at that conference (Docket No. 34).  A further conference was set for June 3, 2015, with a warning to plaintiff that if they failed to appear that this Court would recommend dismissal for failure to prosecute under Rule 41(b), see also Irby v. New York City Transit Auth., 262 F.3d 412 (2d Cir. 2001) (id.).  Plaintiff failed to appear at the June 3, 2015, conference (as well as defendants) (Docket No. 35).

### DISCUSSION

Under Federal Rule of Civil Procedure 41(b), "if the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action . . . .  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule . . . operates as an adjudication on the merits."  The Second Circuit has listed several factors that must be considered before dismissal of an action for failure to prosecute, see Thomson v. Herbert, No. 98CV831, Docket No. 71, 2008 U.S. Dist. LEXIS 63801, at *8-9 (W.D.N.Y. Aug. 18, 2008) (Foschio, Mag. J.) (citing United States ex rel. Drake v. Norden Sys.,

3

Inc., 375 F.3d 248, 255 (2d Cir. 2004), in support of its dismissal for failure to prosecute).  First, the Court must consider the duration of plaintiff's failure to comply with the Court's Order; second, whether plaintiff received notice that further delays would result in dismissal; third, whether defendant is likely to be prejudiced by further delays; fourth, whether the Court has taken care to strike the balance between alleviating court calendar congestion and protecting plaintiff's right to due process and a fair chance to be heard; and fifth, whether the judge has adequately assessed the efficacy of lesser sanctions to dismissal, e.g., Drake, supra, 375 F.3d at 254 (quoted in Ruzsa v. Rubenstein & Sendy Attys at Law, 520 F.3d 176, 177(2d Cir. 2008) (per curiam)); LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) (pro se case); Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996).  No one factor is determinative and the dismissal on this basis is reviewed on the entire record, Drake, supra, 375 F.3d at 251.

Applying these factors, plaintiff here missed two status conferences following the Order denying it leave to amend the Complaint.  The notice for the second, June 3, 2015, conference advised plaintiff that its failure to appear might lead to a recommendation of dismissal of the entire action (see Docket No. 34).  Remaining defendant LMHA may be prejudiced by the continuation of this action where it remains unclear the basis for federal subject matter jurisdiction over that agency.  The sole basis for removal of this action was the presence of HUD as a defendant.  HUD was alleged initially to not have facilitated resolution of the Tenant Council's dispute with LMHA (see Docket No. 1, Ex. A).  Absent HUD, the case is merely a state law action.  As for the Court's calendar, this otherwise dormant case lingers on the Court's docket although it may have been (for all intents) dismissed upon the denial of leave to amend. Dismissal here is less a sanction than a determination that, by plaintiff's non-appearance and

4

inaction, there is nothing left to adjudicate after the dismissal of HUD and the denial of leave to amend.  The conferences scheduled after this motion practice were designed to learn if plaintiff had a viable federal claim left or whether it intended to amend on a different theory that stated a federal claim; plaintiff's absence left those questions unanswered.  Other possible actions by this Court (monetary sanctions or scheduling further conferences, for example) may not resolve the issue of whether this case is viable and being prosecuted.  Upon review of the entire record in this case, it is recommended that the case be **dismissed for failure to prosecute**.  Given the remaining open question of this Court's subject matter jurisdiction over the Tenant Council-LMHA dispute, the recommended dismissal should be **with prejudice**, <u>see</u> Fed. R. Civ. P. 41(b).

## CONCLUSION

Based upon the above, it is recommended that this case **be dismissed for failure to prosecute by plaintiff** and this dismissal **be on the merits and with prejudice**.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) (effective December 1, 2009) and W.D.N.Y. Local Civil Rule 72.3(a).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME**

**WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S**

**ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.**  Thomas v.

Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak

v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on de novo review will ordinarily refuse to consider arguments, case

law and/or evidentiary material which could have been, but was not, presented to the Magistrate

Judge in the first instance.  See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale

Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3),

"written objections shall specifically identify the portions of the proposed findings and

recommendations to which objection is made and the basis for such objection and shall be

supported by legal authority."  **Failure to comply with the provisions of Rule 72.3(a)(3) may**

**result in the District Court's refusal to consider the objection.**

SO ORDERED.

_/s/ Hugh B. Scott_
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
        June 3, 2015